IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 16-00064-01-CR-W-HFS |
| v. | |
| JACOB RAINES, | |
| Defendant. | |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office ("USAO") for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Thomas M. Larson, Acting United States Attorney, and David Luna, Assistant United States Attorney, and the defendant, Jacob Raines ("the defendant"), represented by attorney J.R. Hobbs.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to the superseding information charging him with Count 1 – Access with Intent to View Child Pornography Over the Internet, in violation of 18 U.S.C. § 2252(a)(4), and Count 2 – Computer Intrusion/Fraud, in violation of 18 U.S.C. § 1030(a)(2)(C). By entering into this plea agreement,

the defendant admits that he knowingly committed these offenses, and is in fact guilty of the offenses.

  **3.**  **Factual Basis for Guilty Plea.**   The parties agree that the facts constituting the offense to which the defendant is pleading guilty include the following:

  The defendant worked as the Information Technology (IT) Manager for American Crane & Tractor Parts (ACTP) in Kansas City, Kansas from July 2004 through March 2014. When he began his employment with ACTP, the defendant signed an agreement to protect the trade secrets and proprietary information of the company, as well as a non-compete agreement. The defendant worked as the company's IT Manager until his resignation on March 28, 2014.

  The company's new IT Manager began work on or about April 14, 2014. Around that time, the new IT Manager removed the defendant's computer passwords and made other security changes to ACTP's computer network system associated with the transition to a new IT manager. On May 19, 2014, the new IT Manager utilized the computer that had been previously assigned to the defendant to access the company's source code[1] files. After logging in, the new IT Manager noticed an open File Transfer Protocol[2] connection indicating someone had logged into this computer remotely and copied files to an off-site server via the File Transfer Protocol connection.

  A forensic examination of the company computer previously used by the defendant

---

[1] In computer programming, source code is a text file version of a computer program or software that contains instructions that a computer follows to perform a function. Source code is written in programming language that a human can read and change. A large program may contain many different source code files that all work together and which translate into machine language which is read by the computer.

[2] A File Transfer Protocol is the primary method of uploading and downloading files on the web through a particular set of rules that allow computers to communicate with each other.

revealed a particular Internet Protocol address used for the File Transfer Protocol connection that eventually resolved to AT&T Internet Services and was subscribed to the defendant at his residence in Parkville, Missouri. The examination revealed the company's proprietary source code files and file folders were copied to the defendant's remote server during these Remote Desktop Protocol sessions from May 16 to May 18, 2014.

On April 2, 2015, a search warrant was served at the defendant's home in Parkville, Missouri (which is in the Western District of Missouri) for evidence of the computer intrusion and theft of trade secrets. A forensic examination revealed copies of proprietary source code for the company were on the defendant's home computer on April 18, May 16, May 18, May 19, and August 18, 2014.

This proprietary source code is considered a trade secret by ACTP, which provides it a competitive advantage in its industry. The value of the proprietary source code exceeds $5,000, and the copying of this source code would provide a commercial advantage and a private financial gain to others.

The forensic examination of the computers and computer hard drives found during the execution of the search warrant on April 2, 2015, and a subsequent search warrant executed on June 1, 2015, in the defendant's home also revealed that the defendant had utilized these items to access child pornography via the internet. Analysis of these items found in the defendant's home discovered evidence of primary use by the defendant, the use of peer-to-peer file sharing programs beginning as early as November 13, 2013, image and video files containing child pornography located in unallocated space, and internet artifact history consistent with the searching for files containing child pornography via the internet utilizing file sharing programs.

A Memorex DVD with a handwritten "X" on the face of the DVD over the letter "x" in "Memorex" was also found in a computer room in the defendant's home. Analysis discovered over 7,000 files of child pornography images and videos on the DVD which were organized into a folder structure with names indicative of their child pornographic content. Investigators have viewed the images and confirmed they contain depictions of prepubescent children engaged in sexually explicit conduct with adults. Investigation also determined that over 5,000 of the image files and three videos found on the DVD belonged to previously identified child pornography series. Many of these previously identified series of child pornography are known to have been produced outside the state of Missouri and traveled through interstate commerce, including via the Internet. Additionally, each of the computer media items seized, including the Memorex DVD, were manufactured outside the State of Missouri.

**4. Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

**5. Statutory Penalties.** The defendant understands that upon his plea of guilty to the superseding information, the maximum penalty the Court may impose is as follows:

As to Count 1 (Access with Intent to View Child Pornography Over the Internet), not more than 10 years of imprisonment, a $250,000 fine, from 5 years to life of supervised release, an order of restitution, and a $100 mandatory special assessment, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

As to Count 2 (Computer Intrusion/Fraud) not more than 5 years of imprisonment, a $250,000 fine, not more than 3 years supervised release, and a $100 mandatory special assessment, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class D felony.

The defendant acknowledges that the Court, in its discretion, may order that the sentences for Count 1 and Count 2 run consecutively to one another.

**6.** **<u>Sentencing Procedures</u>.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to life; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed, and in defendant's case as to Count 1, the Court must impose a period of supervised release of at least 5 years;

    d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to 2 years without credit for time previously spent on supervised release. However, if the Court revokes the supervised release because the defendant committed a criminal offense under chapter 109A (sexual abuse

5

Case 4:16-cr-00064-HFS   Document 27   Filed 05/23/17   Page 5 of 18

offenses occurring on special maritime or territorial jurisdiction of the United States, in violation of 18 U.S.C. §§ 2241-2248), 110 (sexual exploitation and other abuse of children, including child pornography offenses, in violation of 18 U.S.C. §§ 2251-2260A), 117 (transportation for illegal sexual activity and related crimes, in violation of 18 U.S.C. §§ 2421-2428), or Section 1201 (kidnapping) or Section 1591 (sex trafficking of children or by force, fraud, or coercion) of Title 18 of the United States Code, the Court will impose an additional period of imprisonment of 5 years without credit for time previously spent on supervised release.  In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed life, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

     e.   the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

     f.   any sentence of imprisonment imposed by the Court will not allow for parole;

     g.   the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

     h.   the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court;

     i.   the defendant agrees that the United States may institute civil, judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that he will not contest any such forfeiture proceedings;

     j.   the defendant agrees to forfeit all interests he owns or over which he exercises control, directly or indirectly, in the electronic media (referenced in the forfeiture count of the superseding information) which he used to download, share, or store child pornography and which was seized by law enforcement officials pursuant to a federal search warrant.  With respect to these assets which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution; and

     k.   the defendant states that he is the sole and rightful owner of the property specified in paragraph "j," above.  He states that to the best of his knowledge no

one else has any ownership or other interest in the property.  In the event any federal, state or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest he has in such property and consents to the destruction or any other disposition of the property by the federal, state or local agency without further notice or obligation whatsoever owing to the defendant.

l. **The defendant may argue for a sentence below the applicable Guideline range.  The Government has agreed not to argue for a sentence greater than 7 years (84 months).  The defendant acknowledges that the Court may sentence the defendant to any term of imprisonment within the statutory range of punishment.**

7. <u>**Government's Agreements**</u>.  Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to computer fraud or the receipt, possession, or distribution of child pornography or child obscenity for which it has venue and which arose out of the defendant's conduct in the course of the investigation of this case.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement.  If the defendant breaches this plea agreement, the United States retains the right to proceed with the prosecution of any other criminal violations established by the evidence.   The defendant expressly waives his right to challenge the initiation of additional charges against him if he breaches this agreement.   The defendant expressly waives

7

his right to assert a statute of limitations defense if additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts his plea of guilty and this

plea agreement but subsequently imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines the parties stipulate and agree as follows:

As to Count 1 (Access with Intent to View Child Pornography)

a. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2G2.2, which, pursuant to subparagraph (a)(1), provides for a base offense level of 18;

b. Because the offense involved a minor who had not yet attained the age of 12 years, the base offense level is enhanced 2 points, pursuant to U.S.S.G. § 2G2.2(b)(2);

c. Because some of the material contained sadistic or other violent sexual abuse of children, the offense level is further enhanced 4 points, pursuant to U.S.S.G. § 2G2.2(b)(4);

d. Because the offense involved the use of a computer, the offense level is further enhanced 2 points, pursuant to U.S.S.G. § 2G2.2(b)(6);

e. Because the offense involved over 600 images, the offense level is further enhanced 5 points, pursuant to U.S.S.G. § 2G2.2(b)(7)(B);

As to Count 2 (Computer Fraud/Intrusion)

f. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2B1.1, which, pursuant to subparagraph (a)(2), provides for a base offense level of 6;

g. Because the offense involved a loss of materials/data that exceeded $95,000, the base offense level is enhanced 8 points, pursuant to U.S.S.G. § 2B1.1(b)(1)E;

h. Because the offense involved sophisticated means, the offense level is further enhanced 2 points, pursuant to U.S.S.G. § 2B1.1(b)(10);

i. Because the offense involved the abuse of a position of private trust and/or the use of a special skill that significantly facilitated the commission or

9

concealment of the offense, the offense level is enhanced 2 points, pursuant to U.S.S.G. § 3B1.3.

As to Counts 1 and 2

j. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not unreasonable;

k. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

l. The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

m. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

n. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment). The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the information. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay;

10

o. The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement; and

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues not agreed to within the written plea agreement the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

   a. oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

   b. comment on the evidence supporting the charges in the information, including the charges dismissed as part of this plea agreement;

   c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

11

        d.    oppose any post-conviction motions for reduction of sentence, or other relief.

**14.**    **<u>Waiver of Constitutional Rights</u>.**    The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

        a.    the right to plead not guilty and to persist in a plea of not guilty;

        b.    the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

        c.    the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

        d.    the right to confront and cross-examine the witnesses who testify against him;

        e.    the right to compel or subpoena witnesses to appear on his behalf; and

        f.    the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask him questions about the offense or offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

12

**15. <u>Waiver of Appellate and Post-Conviction Rights</u>.**

  a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

  b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

**16. <u>Financial Obligations</u>.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

  a. The Court must order restitution to the victims of the offense to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in the information and all other uncharged related criminal activity.

  b. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

  c. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The USAO will provide the defendant with a financial information form, a financial statement of individual debtor form, and a tax information authorization form 8821. Defendant will complete these forms and submit them to the USAO no later than 30 days prior to sentencing. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

13

d. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

e. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 for each count of conviction by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

f. The defendant certifies that he has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

g. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **<u>Defendant Will Surrender to Custody after the Plea.</u>** The defendant understands that one of the crimes to which he is pleading, Access with Intent to View Child Pornography Over the Internet, is a "crime of violence," as defined by 18 U.S.C. § 3156(a)(4)(C). Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after it accepts his plea of guilty to the offense. The defendant hereby agrees not to contest his detention, and to surrender to the custody of the U.S. Marshals immediately after the district court has accepted his plea.

14

**18. Sex Offender Registration**. Defendant understands that by pleading guilty to Count 1, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements in whatever state he resides following release from prison, and he will be subject to the registration requirements of that state. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration agency in *the state in which he is released*, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**19. Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**20. Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**21. Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a Grand Jury or any tribunal or any leads from such statements or testimony shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence,

or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

**22. Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys or any other party to induce him to enter his plea of guilty.

**23. No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**24. Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

    Thomas M. Larson
    Acting United States Attorney

Dated: May 23, 2017    */s/ David Luna*
    David Luna
    Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the information. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: May 23, 2017    */s/ Jacob Raines*
    Jacob Raines
    Defendant

I am defendant Jacob Raines' attorney. I have fully explained to Mr. Raines his rights with respect to the offenses charged in the information. Further, I have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Jacob Raines' decision to enter into this plea agreement is an informed and voluntary one.

Dated: May 23, 2017    */s/ J.R. Hobbs*
    J.R. Hobbs
    Attorney for Defendant